**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:21-cv-13788 (BRM) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is an appeal by Plaintiff John G. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner")[1] determining he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(f), and for the reasons set forth in this Opinion and for good cause shown, the Commissioner's decision is **AFFIRMED**.

**I.   BACKGROUND**

On January 13, 2017, Plaintiff filed applications for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. (Tr. 87–89, 191–207.) Plaintiff alleged disability as of April 1, 2015, due to type 2 diabetes, diabetic ulcers, neuropathy, chronic pain, and arthritis. (Tr. 65, 77, 89, 101, 191–207, 229.) His

---

[1] Upon the Appeals Council's Order denying Plaintiff's request for a review of the decision of Administrative Law Judge Peter R. Lee ("ALJ"), the ALJ's decision became the final decision of the Commissioner. (ALJ Hearing Decision, Tr. 1–6.)

applications were denied initially and on reconsideration. (Tr. 116–33.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Tr. 134–35), and a hearing took place on November 5, 2018, before ALJ Peter R. Lee (Tr. 36–64).

In an unfavorable decision dated December 5, 2018, ALJ Lee ruled Plaintiff was not disabled. (Tr. 7–22.) The ALJ used the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 10–18.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 1, 2015, which is the alleged disability onset date. (Tr. 12.) At steps two and three, the ALJ found Plaintiff had severe impairments of diabetes, status post removal of the fifth metatarsal bone, cellulitis of the left foot, and obesity. (Tr. 13.) The ALJ then assessed Plaintiff's Residual Functional Capacity ("RFC") and found Plaintiff could perform the limited range of light work. (Tr. 13–16.) At step four, the ALJ found Plaintiff could perform his past work as an insurance producer, as it did not require the performance of work-related activities precluded by the RFC. (Tr. 17, 58.) Alternatively, at step five, relying on a vocational expert's ("VE") testimony, the ALJ found there are significant numbers of jobs in the national economy that Plaintiff could perform, including a mail clerk, an office helper, and a dispatch router. (Tr. 17–18, 59.) Therefore, the ALJ found Plaintiff was not disabled under the Act. (Tr. 18.)

Plaintiff asked the Appeals Council to review the unfavorable decision. (Tr. 188–190, 296–297.) By Order dated January 21, 2020, the Appeals Council wrote it found no reason to review the ALJ's decision and denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review. (Tr. 1–6.) Therefore, having exhausted his administrative remedies, Plaintiff appealed to this Court on July 18, 2021. (ECF No. 1.)

On January 24, 2022, Plaintiff filed a memorandum of law in support of his appeal. (ECF No. 13.) On April 7, 2022, the Commissioner filed an opposition. (ECF No. 17.) On April 20, 2022, Plaintiff filed his reply. (ECF No. 18.)

## II. STANDARD OF REVIEW

On a review of a final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence" in the record. 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003). The Supreme Court reaffirmed this understanding of the substantial evidence standard in *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

**III.     THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

Under the Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Act establish a five-step process for determining whether a claimant is disabled for purposes of disability insurance. 20 C.F.R. § 404.1520. First, the ALJ determines whether the claimant has shown he or she is not currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b); *see Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c); *see Bowen*, 482 U.S. at 140–41. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of judgment;
>
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
> (6) Dealing with changes in a routine work setting.

*Id.* A claimant who does not have a severe impairment is not considered disabled. 20 C.F.R. § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. § 404, Subpart P, App'x 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates his or her impairments are equal in severity to, or meet, those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See* 20 C.F.R. § 404.1520(d); *see also Bowen*, 482 U.S. at 141. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526. If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams v. Sullivan*, 970 F.2d, 1178, 1186 (3d Cir. 1992).

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains

the residual functional capacity ("RFC") to perform his or her past relevant work. 20 C.F.R. § 404.1520(e)–(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, an ALJ's consideration of medical opinion evidence is subject to the framework articulated at Section 404.1527 (for claims filed before March 27, 2017) or Section 404.1520c (for claims filed after March 27, 2017).[2]

---

[2] For claims filed before March 27, 2017, Section 404.1527, and its supplemental income benefits counterpart Section 416.927, outline the framework for consideration of medical opinions and prior administrative medical findings. Under these regulations, opinions from treating physicians are given preference. When determining RFC pursuant to this framework, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679–80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429)). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an ALJ must provide the reason for giving more or less weight to the evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

Sections 404.1520c, and its supplemental income benefits counterpart Section 416.920c, are effective for cases filed on or after March 27, 2017. These regulations "eliminated the hierarchy of medical source opinions that gave preference to treating sources." *David K. v. Kijakazi*, Civ. A. No. 20-12419, 2022 U.S. Dist. LEXIS 13989, at *21 (D.N.J. Jan. 25, 2022). Under these regulations the following factors are considered for all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency means the extent to which a medical opinion is consistent with the

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1520(a)(4)(v). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.*; 20 C.F.R. § 404.1523. Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings[.]" *Id.* at 263 n.2; *see Bowen*, 482 U.S. at 146–47 n.5. An administrative law judge bears the burden of proof for the fifth step. *Id.* at 263.

For the first four steps, the harmless error doctrine[3] requires a plaintiff to show: 1) an error occurred; and 2) but for that error, she might have proven her disability. *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). In other words, when appealing a decision at the first

---

evidence from other medical sources and nonmedical sources in the claim. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

[3] The Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, which concerned review of a governmental agency determination. 556 U.S. 396, 408–11 (2009). The Supreme Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.* at 409. In such a case, "the claimant has the 'burden' of showing that an error was harmful." *Id.* at 410.

four steps, a court considers whether the plaintiff articulated a basis for a decision in her favor, based on the existing record. If the plaintiff cannot, it is unlikely she will meet her burden of showing an error was harmful. *See e.g.*, *Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 380 (D.N.J. 2013) (finding ALJ's error was harmless); *Powers v. Comm'r of Soc. Sec.*, Civ. A. No. 19-21970, 2021 U.S. Dist. LEXIS 62340, at *20 (D.N.J. Mar. 31, 2021) (finding the plaintiff had not demonstrated she was prejudiced by the ALJ's decision and had not shown an error occurred amounting to harm).

The court's review of legal issues within this appeal is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes*, 228 F.3d at 262. Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Substantial evidence also "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted). When substantial evidence exists to support the Commissioner's factual findings, this Court must abide by those determinations. *See id.* (citing 42 U.S.C. § 405(g)).

## IV. DECISION

Plaintiff argues the ALJ erred by failing to assess the effects of his obesity in combination with his other impairments when considering his RFC.[4] (ECF No. 13 at 9; ECF No. 18, at 1–2.)

---

[4] Plaintiff raised one additional constitutional law argument in his opening brief (ECF No. 13 at 10–13), but expressly abandoned it in his reply brief (ECF No. 18 at 5). Accordingly, the Court will not address his abandoned argument. *See West Allis Mem. Hosp. v. Bowen*, 852 F.2d 251, 257 (7th Cir. 1988) (declining to address common law claims that party raised in opening brief but abandoned in reply brief); *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1408 n. 1 (9th Cir. 1990) ("Adriana's new attorneys filed the reply brief, which specifically abandons the

Plaintiff asserts the ALJ considered his obesity but argues "at no point [did] the ALJ undertake a detailed analysis regarding the impact that obesity may exert on Plaintiff's RFC and his ability to engage in light work." (ECF No. 13 at 5.) Plaintiff further contends the "ALJ's failure to analyze the impact of Plaintiff's obesity at step five and in assessing RFC represents a reversible and harmful error of law." (*Id.* at 7.) Plaintiff asserts his "obesity, in combination with his left foot impairment and complications related to diabetes, could reasonably be expected to limit the amount of standing and walking he can perform, and limit his ability to engage in the prolonged standing and walking required by the full range of light work." (*Id.* at 9.) Plaintiff concludes his condition "represents a limitation closer to sedentary than light work." (*Id.* at 10.)

The Commissioner counters "the ALJ properly considered Plaintiff's obesity throughout the decision," including finding "Plaintiff's obesity severe at step two, and at step three," and argues "further articulation was not required." (ECF No. 17 at 21.) The Commissioner contends Plaintiff "has not shown that his obesity actually caused additional functional limitations" (*id.* at 25) and emphasizes the ALJ found "Plaintiff could perform light work with additional postural, environmental, and manipulative limitations in light of the entire record and all of his impairments, including obesity" (*id.* at 30). The Court agrees with the Commissioner.

"[A]n ALJ must meaningfully consider the effect of a claimant's obesity individually and in combination with her impairments" when assessing a claim at step three and beyond. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009). The Third Circuit found a failure to meaningfully discuss a claimant's obesity may be harmless under some circumstances. *Woodson v. Comm'r Soc. Sec.*, 661 F. App'x 762, 765–66 (3d Cir. 2016). And it is a claimant's burden to

---

following arguments raised in the opening briefs. . . . Because Adriana abandoned these arguments, we do not address them.").

establish not just that "obesity can impair [her] ability to perform basic work activities," but to "specify[] how her obesity . . . affected her ability to perform basic work activities." *Carter v. Comm'r of Soc. Sec.*, 805 F. App'x 140, 143 (3d Cir. 2020). The Court finds Plaintiff failed to carry that burden.

Here, Plaintiff is not asserting the ALJ completely failed to consider Plaintiff's obesity. Indeed, Plaintiff concedes the ALJ classified Plaintiff's obesity as a severe impairment. (ECF No. 18 at 1.) Rather, Plaintiff is claiming the ALJ failed to analyze the impact of Plaintiff's obesity in connection with Plaintiff's co-existing impairments. (ECF No. 13 at 7; ECF No. 18 at 2.) However, Plaintiff nor opining physicians indicated Plaintiff had any functional limitations tied to obesity. Plaintiff's failure to "cite to specific medical records in which a physician assessed Plaintiff's functional limitations in light of [his] obesity" is fatal to his claim. *Fazzolari v. Berryhill*, Civ. A. No. 17-7096, 2018 WL 6696784, at *8 (D.N.J. Dec. 20, 2018); *see also Santini v. Comm'r of Soc. Sec.*, Civ. A. No. 08-5348, 2009 WL 3380319 (D.N.J. Oct. 14, 2009) (finding that a plaintiff must proffer medical evidence to support his assertion that obesity impaired his ability to work); *see also Orta v. Comm'r of Soc. Sec.*, Civ. A. No. 15-6061, 2016 WL 6304437, at *4 (D.N.J. Oct. 25, 2016) (finding that a plaintiff must provide specific medical evidence demonstrating that obesity somehow affected his work-related limitations).

The Court finds, contrary to what Plaintiff asserted, the ALJ properly concluded Plaintiff's impairments, alone or in combination, did not show Plaintiff was disabled. (Tr. 13.) The ALJ noted the lack of ulcer-related complaints following Plaintiff's recent procedure (Tr. 14–16) and found Dr. Khalil's recommendation to Plaintiff to perform 30 to 60 minutes of aerobic activity shows Plaintiff is not totally disabled (Tr. 826). Plaintiff appears to argue the ALJ wrongfully rejected one seemingly conflicting testimony from state agency physicians. (ECF No. 13 at 7.) Nonetheless,

the ALJ's rejection of this testimony was due to him found the state agency physicians did not have the benefit of the entire record when making their findings (Tr. 16) is proper. *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993) (holding when a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject the evidence for no reason or the wrong reason). In the end, "[a]fter careful review of record," the ALJ concluded while Plaintiff has "significant impairments," they do not prevent all work activity. (Tr. 16.) The Court finds no error, especially since the ALJ "relied on physicians who were aware of the plaintiff's weight and height." *Rutherford*, 399 F.3d at 553.

Next, Plaintiff argues his "obesity, in combination with his left foot impairment and complications related to diabetes, *could reasonably be expected* to limit the amount of standing and walking he can perform, and limit his ability to engage in the prolonged standing and walking required by the full range of light work." (ECF No. 13 at 9) (emphasis added). However, Plaintiff cannot invite the ALJ to make speculations that are favorable to Plaintiff. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (holding an ALJ may not make speculative inferences from medical reports); *see also Fazzolari v. Berryhill*, Civ. A. No. 17-7096, 2018 WL 6696784, at *8 (D.N.J. Dec. 20, 2018) (holding the ALJ must not make any assumptions about the effects of obesity in combination with other impairments). Indeed, obesity may or may not increase the severity or functional limitations of other impairments. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (finding that generalized assertion that a claimant's weight limited her functional abilities is not sufficient, especially when the ALJ relied on medical evidence as a basis for his findings).

Fundamentally, the Court concludes Plaintiff is merely disagreeing with the ALJ's conclusion, and that alone is not sufficient to establish the ALJ's decision was not supported by substantial evidence. *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003) ("Perkins's

argument here amounts to no more than a disagreement with the ALJ's decision, which is soundly supported by substantial evidence."). Plaintiff's "mere disagreement with the weight the ALJ placed on the [medical] opinion is not enough for remand." *Moody v. Comm'r of Soc. Sec. Admin.*, Civ. A. No. 15-8319, 2016 WL 7424117, at *8 (D.N.J. Dec. 23, 2016). In other words, the ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis." *Burnett*, 220 F.3d at 120. Because the ALJ meaningfully considered the effect of Plaintiff's obesity by relying on the impact of his obesity on his ability to perform work and because Plaintiff has not demonstrated how his obesity otherwise limits his functionality, remand is not proper, and the Commissioner's decision must be affirmed.

## V.  CONCLUSION

For the reasons set forth above, the Court finds Plaintiff failed to show the ALJ erred in determining he was not disabled under the Social Security Act. The Commissioner's decision is **AFFIRMED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated:  August 4, 2022